1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  JOHNNY E. JAMES JR. (SCBN 101260)
   Special Assistant United States Attorney
5
   60 S. Market St., Suite 1200
6  San Jose, California 95113
   Telephone: (408) 535-5061
7  FAX: (408) 535-5081
   johnny.james@usdoj.gov
8
   Attorneys for United States of America
9

   UNITED STATES DISTRICT COURT

   NORTHERN DISTRICT OF CALIFORNIA

   SAN JOSE DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. **CR 25-70147-MAG** |
|---|---|
| Plaintiff, | ) NOTICE OF PROCEEDINGS ON OUT-OF-DISTRICT CRIMINAL CHARGES PURSUANT TO RULES 5(c)(2) AND (3) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| v. | ) |
| PHUOC TRAN, | ) |
| Defendant. | ) |

Please take notice pursuant to Rules 5(c)(2) and (3) of the Federal Rules of Criminal Procedure that on February 7, 2025, the above-named defendant was arrested pursuant to an arrest warrant (copy attached) issued upon an

- ■ Indictment
- ☐ Information
- ☐ Criminal Complaint
- ☐ Other (describe) _____

pending in the Eastern District of California, Case Number 2:22-CR-00046-WBS.

In that case (copy of indictment attached), the defendant is charged with a violation of Title 18 United States Code, Section 1955(a) (Count 1).

Description of Charges: <u>Conducting an Illegal Gambling Business</u>.

The maximum penalties are as follows:

- Incarceration:       Up to 5 years in Prison
  18 U.S.C. § 1955(a)

- Fine:                Up to $250,000
  18 U.S.C. § 3571(b)(3)

- Supervised Release:  Up to 3 years
  18 U.S.C. § 3583(b)(2)

- Special Assessment:  $100
  18 U.S.C. § 3013(a)(2)(A)

- Forfeiture

           Respectfully Submitted,

           ISMAIL J. RAMSEY
           UNITED STATES ATTORNEY

Date:  February 7, 2025

           */s/ Johnny E. James Jr.*
           JOHNNY E. JAMES JR.
           Special Assistant United States Attorney

1  MICHELE BECKWITH
   Acting United States Attorney
2  HEIKO P. COPPOLA
   ROGER YANG
3  Assistant United States Attorney
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile:  (916) 554-2900

6  Attorneys for Plaintiff
   United States of America
7

**FILED**

Jan 16, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

8                    IN THE UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO. 2:22-cr-0046 WBS

12                 Plaintiff,               18 U.S.C. § 1955(a) – Conducting an Illegal
                                            Gambling Business; 18 U.S.C. § 1956(h) –
13           v.                             Conspiracy to Commit Money Laundering; 18 U.S.C.
                                            §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28
14  GAL YIFRACH,                            U.S.C. § 2461(c) – Criminal Forfeiture
    SHALOM IFRAH,
15  JESUS CISNEROS-SANCHEZ, AND
    PHUOC TRAN
16
                   Defendants.
17

18

19              S U P E R S E D I N G   I N D I C T M E N T

20  COUNT ONE: [18 U.S.C. § 1955(a) – Conducting an Illegal Gambling Business]

21       The Grand Jury charges: T H A T

22                           GAL YIFRACH,
                      JESUS CISNEROS-SANCHEZ, and
23                           PHUOC TRAN,

24  defendants herein, beginning no later than in or about January 2018, and continuously thereafter through

25  in or about July 2023, in the State and Eastern District of California, did conduct, manage, supervise,

26  and direct all or part of an illegal gambling business, to wit, a gambling business involving supplying,

27  operating, and maintaining video slot machines and devices and involving receiving, holding, and

28  forwarding money to be staked, pledged, bet, and wagered upon the result of a contest and contingent

INDICTMENT                                    1

event, in violation of the laws of the State of California, to wit, California Penal Code §§ 330b and 337a(a)(3), and which involved five or more persons who conducted, financed, managed, supervised, directed, and owned all or part of said illegal gambling business, and which remained in substantially continuous operation for a period in excess of thirty days and had gross revenue of $2,000.00 in any single day, all in violation of Title 18, United States Code, Sections 2 and 1955(a).

COUNT TWO: [18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering]

The Grand Jury further charges: T H A T

GAL YIFRACH, and
SHALOM IFRAH,

defendants herein, as follows:

### I.  INTRODUCTION

At all times relevant to this Indictment:

1. GAL YIFRACH was an individual residing in Los Angeles, California.
2. SHALOM IFRAH was an individual residing in Los Angeles, California.
3. NICK SHKOLNIK was an individual residing in Van Nuys and Los Angeles, California.
4. YOSEF YITZCHAK BESHARI, charged elsewhere, was an individual residing in Los Angeles, Van Nuys, and North Hollywood, California.
5. Individual 6 resided in Beverly Hills and Los Angeles, California.
6. CORPORATION 3 was a corporation registered in Van Nuys, California.
7. CORPORATION 4 was a corporation registered in Los Angeles, California.
8. CASINO 1 was a casino located in Bell Gardens, California.
9. YIFRACH, SHKOLNIK, BESHARI, and others known and unknown to the grand jury conducted an illegal gambling business from various locations in the Eastern District of California and elsewhere. This business collected proceeds from its gambling operations, at least in part, in the form of cash.

### II.  THE CONSPIRACY

10. Beginning no later than in or about March 2018 and continuing through in or about July 2020, in the State and Eastern District of California and elsewhere, YIFRACH and IFRAH did

INDICTMENT                                        2

knowingly combine, conspire, and agree with each other and with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of Title 18, United States Code, Section 1956, to wit:

    a.) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and,

    b.) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, conducting an illegal gambling business in violation of 18 U.S.C. § 1955(a), knowing that the transactions were designed in whole or in part to avoid a transaction reporting requirement under Federal law, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

### III.   MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

11. YIFRACH and other individuals acting at YIFRACH's direction, including SHKOLNIK and BESHARI, collected the cash proceeds of their illegal gambling business from various locations in the Eastern District of California and elsewhere, and they transported those cash proceeds to other locations in California.

12. Individuals who had collected the cash proceeds of the illegal gambling business at

YIFRACH's direction, including SHKOLNIK and BESHARI, delivered such cash proceeds to YIFRACH and IFRAH.

13. YIFRACH and IFRAH used, caused to be used, and agreed to use multiple methods to exchange cash proceeds of the illegal gambling business for other items of value to conceal the fact that their income was derived from operating an illegal gambling business.

14. For example, as one method, YIFRACH and IFRAH provided, caused to be provided, and agreed to provide cash proceeds of the illegal gambling business to Individual 6 in exchange for checks from CORPORATION 3 and CORPORATION 4.

15. As another method, YIFRACH and IFRAH provided, caused to be provided, and agreed to provide cash proceeds of the illegal gambling business to individuals in exchange for casino chips. YIFRACH subsequently exchanged the casino chips for checks from the casino. YIFRACH deposited such casino checks into his bank account and used the funds to purchase real estate.

16. In addition, YIFRACH and IFRAH exchanged, caused to be exchanged, and agreed to exchange cash proceeds of the illegal gambling business in amounts of $10,000 or less in exchange for cash in larger denominations from a bank, agreeing and intending that the amount of cash exchanged at one time be equal to or less than $10,000 for the purpose of avoiding transaction reporting requirements.

17. YIFRACH and IFRAH frequently sent electronic messages to each other to coordinate the transactions.

18. For example, on or about March 4 and 5, 2018, YIFRACH and IFRAH discussed by electronic message taking money from BESHARI and from YIFRACH's drawer to exchange for checks totaling around $10,800. On or about March 5, 2018, YIFRACH's JPMorgan Chase bank account ending in 9897 received five checks totaling $10,893.47 from CORPORATION 3.

19. In another example, between on or about October 24 and October 27, 2018, YIFRACH and IFRAH discussed by electronic message taking money from BESHARI, SHKOLNIK, and YIFRACH's safe in order to give a total of $150,000 to an individual in exchange for casino chips from CASINO 1. On or about November 28, 2018, YIFRACH exchanged $200,500 in casino chips for two checks totaling $200,500 from CASINO 1.

20. In another example, on or about October 25, 2018, IFRAH informed YIFRACH by

INDICTMENT
4

electronic message that he could exchange only about "30" to $100 bills because he could change only "10" in each bank without having a report, and YIFRACH agreed. Between on or about October 25 and October 27, 2018, IFRAH conducted multiple exchanges at banks where he exchanged exactly $10,000 in smaller bills for larger bills.

21. In another example, on or about January 8, 2020, YIFRACH told IFRAH by electronic message that they needed to consult with someone about cleaning the cash, and IFRAH responded that it would be best to continue registering as an employee of a company and giving cash for checks.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offenses alleged in Counts One and Two of this Superseding Indictment, defendants GAL YIFRACH, SHALOM IFRAH, JESUS CISNEROS-SANCHEZ, and PHUOC TRAN shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982 (a)(1), and 1955(d), and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violations, including but not limited to the following:

   a. Approximately $317,051.00 in U.S. Currency,
   b. Approximately $85,245.00 in U.S. Currency seized from U.S. Private Vault Box Number 4504,
   c. Approximately $163,051.00 in U.S. Currency seized from U.S. Private Vault Box Number 4706,
   d. Approximately 4.25 Bitcoin,
   e. Approximately $23,505.00 in U.S. Currency,
   f. Approximately $1,075.00 in U.S. Currency,
   g. Real property located at 465 S. Mansfield Avenue, Los Angeles, California, Los Angeles County, APN: 5507-011-013,
   h. Real property located at 806 N. Genesee Avenue, Los Angeles, California, Los Angeles County, APN: 5527-005-012, and
   i. Real property at 851 – 853 N. Las Palmas Avenue, Los Angeles, California, Los Angeles County, APN: 5524-005-002.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One and Two of this Superseding Indictment, for which defendants are convicted:

   a. cannot be located upon the exercise of due diligence;

INDICTMENT                                        5

|   |   |   |
|---|---|---|
| | b. | has been transferred or sold to, or deposited with, a third party; |
| | c. | has been placed beyond the jurisdiction of the court; |
| | d. | has been substantially diminished in value; or |
| | e. | has been commingled with other property which cannot be divided without difficulty; |

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

*Michele Beckwith* (signature)

MICHELE BECKWITH
Acting United States Attorney

INDICTMENT

6

No. 2:22-cr-0046 WBS

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

*vs.*

GAL YIFRACH, **NO PROCESS NECESSARY**
SHALOM IFRAH, **NO PROCESS NECESSARY**
JESUS CISNEROS-SANCHEZ, **No Bail Warrant Pending Hearing**
PHUOC TRAN **No Bail Warrant Pending Hearing**

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 1955(a); 18 U.S.C. § 1956(h);
18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. § 2461(c)

*A true bill,*   /s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* _____ *day*

*of* _____ *, A.D. 20* _____

/s/ Jenny Wood
_____
*Clerk.*

**No Bail Warrant Pending Hearing** for Cisneros-Sanchez and Tran
*Bail, $* _____
**NO PROCESS NECESSARY** for Yifrach and Ifrah       /s/ Carolyn K. Delaney

GPO 863 525

Case 5:25-mj-70147-MAG   Document 1   Filed 02/07/25   Page 10 of 11
Case 2:22-cr-00046-WBS   Document 183   Filed 01/16/25   Page 8 of 8
2:22-cr-0046 WBS

<u>**United States v. Yifrach, et.al.**</u>
**Penalties for Superseding Indictment**

**Defendants**
**Gal Yifrach**
**Shalom Ifrah**
**Jesus Cisneros-Sanchez**
**Phuoc Tran**

**COUNT 1:**            **Yifrach, Cisneros-Sanchez, and Tran**

VIOLATION:          18 U.S.C. § 1955(a) – Conducting Illegal Gambling Business

PENALTIES:          A maximum of up to 5 years in prison; or
                    Fine of up to $250,000; or both fine and imprisonment
                    Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**COUNT 2:**            **Yifrach and Ifrah**

VIOLATION:          18 U.S.C. § 1956(h) – Conspiracy to Commit Money Laundering

PENALTIES:          Maximum of 20 years imprisonment, or
                    Fine of up to $500,000, or twice the value of the monetary instrument or
                    funds involved, whichever is greater;
                    Supervised release of three years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


**FORFEITURE ALLEGATION:**   **All Defendants**

VIOLATION:          18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1955(d), and 28 U.S.C. §
                    2461(c) – Criminal Forfeiture

PENALTIES:          As stated in the charging document

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

USA ,                                                                Case No:  **2:22–CR–00046–WBS**

   v.

**PHUOC TRAN ,**

## WARRANT FOR ARREST

**TO:  THE UNITED STATES MARSHAL**
   and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED TO ARREST:   Phuoc Tran**

and bring him or her forthwith to the nearest United States magistrate judge to answer a(n)

**Superseding Indictment**

charging him or her with *(brief description of offense)*

**CONDUCTING ILLEGAL GAMBLING BUSINESS**

in violation of Title     **18**     United States Code, Section(s)     **1955**

| | |
|---|---|
| V. Licea Chavez | Deputy Clerk |
| Name of Issuing Officer | Title of Issuing Officer |
| | **1/16/25          Sacramento, CA** |
| Signature of Issuing Officer | Date and Location |
| Bail fixed at   **NO BAIL** | by   **Magistrate Judge Carolyn K. Delaney** |

### RETURN

This warrant was received and executed with the arrest of the above–named defendant

| Date Received | Name and Title of Arresting Officer |
|---|---|
| Date of Arrest | Signature of Arresting Officer |